J-S74034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| LUIS D. RODRIGUEZ | |
| Appellant | No. 3528 EDA 2015 |

Appeal from the PCRA Order November 12, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0802282-2006

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                          **FILED NOVEMBER 14, 2016**

Appellant, Luis D. Rodriguez, appeals from the November 12, 2015 order, denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following statement of facts, derived from the PCRA court's opinion, which in turn is supported by the record.  **See** PCRA Court Opinion (PCO), 3/4/16, at 3-4.  Appellant and Nicholas Santiago were both involved romantically with Melissa Sanchez.  On May 5, 2001, Mr. Santiago discovered Appellant in bed with Ms. Sanchez.  Mr. Santiago threw Appellant down a flight of stairs, broke his nose, and gave him two black eyes.  Appellant informed several individuals that he was going to "get" Mr.

_____

[*] Former Justice specially assigned to the Superior Court.

Santiago. He approached Marco Agosto, Michael Wood, and Shawn Beckham to assist him in murdering Mr. Santiago.

On May 8, 2001, Mr. Agosto drove Appellant and Mr. Beckham to Mr. Santiago's mother's house, where they proceeded to shoot him to death. Appellant later boasted about shooting Mr. Santiago to several witnesses. In an altercation with another individual following the murder, Appellant threatened to shoot that person just as he did Mr. Santiago.

A bench trial commenced July 19, 2007, and concluded July 26, 2007. The trial court convicted Appellant of murder in the first degree, criminal conspiracy, firearms not to be carried without a license, and possessing instruments of crime.[1] The court proceeded immediately to sentencing, and sentenced Appellant to a mandatory sentence of life imprisonment for first-degree murder, and concurrent terms of ten to twenty years' incarceration for conspiracy, three and one-half to seven years' incarceration for VUFA, two and one-half to five years' incarceration for PIC.

Appellant timely filed post-sentence motions, asserting that his conviction for first-degree murder was against the weight of the evidence. The trial court denied this motion without a hearing. Appellant timely filed a notice of appeal *pro se*; this Court requested that the trial court conduct a **Grazier**[2] hearing, and on October 3, 2007, the trial court appointed new

---

[1] 18 Pa.C.S. § 2502(c), § 903, § 6106, and § 907, respectively.
[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

counsel for Appellant. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement; the trial court issued a responsive opinion on September 2, 2008, and a supplemental opinion on December 4, 2008.

On February 23, 2010, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied his subsequent petition for allowance of appeal on January 30, 2012. ***See Commonwealth v. Rodriguez***, 996 A.2d 15 (Pa. Super. 2010) (unpublished memorandum), *appeal denied,* 38 A.3d 824 (Pa. 2012).

On April 11, 2013, Appellant timely filed the instant PCRA petition, contending that trial counsel was ineffective for failing to present alibi testimony at trial, for improperly advising him to waive his right to a jury trial, and for failing to object to the trial judge's decision to limit the number of spectators during the trial. On August 16, 2014, appointed counsel filed an amended PCRA petition. On November 19, 2014, the Commonwealth filed a motion to dismiss.

On June 2, 2015, the PCRA court conducted an evidentiary hearing with regard to the alibi claim only. PCO at 4-9.

Trial counsel, David Rudenstein, testified at the hearing. Although during their initial interactions, neither Appellant nor his parents mentioned a possible alibi defense, Mr. Rudenstein nevertheless informed them of the possibility. Mr. Rudenstein advised Appellant's parents by letter that if they wished to provide an alibi, they needed to give full statements to his private investigator. Mr. Rudenstein further discussed the alibi defense with

Appellant's parents and attempted to elicit facts and details to support the claim to no avail. Without details, he was concerned the claim would irreparably harm Appellant's defense. Mr. Rudenstein and Appellant discussed these concerns, specifically, that the alibi was too general and would not be persuasive. Appellant agreed with counsel's assessment; the defense was not an option and was not discussed in subsequent correspondence or interviews. Additionally, Mr. Rudenstein testified that it would not have cost Appellant's parents additional money to speak with his investigator.

Appellant's mother, Maria Domenech, testified on his behalf. According to her, due to the injuries Appellant sustained on May 5, 2001, he was confined to her home until May 9, 2001. Ms. Domenech acknowledged that she did not contact police about this defense during the initial investigation or after Appellant's arrest. She testified that trial counsel, David Rudenstein, told her the proposed alibi defense was useless and unbelievable. At first, Ms. Domenech denied that Mr. Rudenstein requested formal statements be given to his investigator, but later claimed she did not have the money to pay for an investigator's services.

Juan Alicea, Appellant's stepfather, also testified on his behalf. According to him, Appellant was always home when Mr. Alicea returned from work and could not leave the house because he could not see. Mr. Alicea asked counsel about presenting an alibi defense but was told a judge or jury would not believe him and that presenting Appellant's parents as witnesses

would be detrimental to the case. He claimed counsel had not asked for specific details regarding Appellant's whereabouts. At the time of trial, Mr. Alicea still believed he would testify as an alibi witness, despite claiming Mr. Rudenstein had refused to allow him to do so. Mr. Alicea testified as a character witness but did not mention an alibi on the stand.

On November 12, 2015, the PCRA court formally dismissed Appellant's petition. Specifically, the court made credibility determinations: it did not find the testimony of Appellant's parents credible and did find Mr. Rudenstein's testimony credible. **See** Notes of Testimony (N. T.), 11/12/15, at 2-3.

Appellant timely appealed and submitted a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion.

Herein, Appellant presents three issues for our review, all involving allegations of ineffective assistance of trial counsel.

> A. Is Appellant entitled to post-conviction relief in the form of a new trial as a result of trial counsel's ineffective assistance in failing to present an alibi defense on behalf of Appellant?
>
> B. Is Appellant entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing as a result of trial counsel's ineffective assistance in failing to properly advise Appellant with regard to his waiver of his right to a jury trial?
>
> C. Is Appellant entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing as a result of trial counsel's ineffective assistance in agreeing to the trial court's clearing of the courtroom during the testimony of Commonwealth witness Marco Agosto?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We presume counsel is effective. **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. **Id.** A claim will be denied if the petitioner fails to meet any one of these requirements. **Commonwealth v. Springer**, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing **Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007)); **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

First, Appellant asserts that trial counsel was ineffective for failing to interview and call Appellant's parents as trial witnesses in support of an alibi defense. Appellant argues that had they testified, the court would not have convicted him. ***See*** Appellant's Brief at 4.

Here, the PCRA court determined that Appellant's witnesses were not credible in their testimony regarding trial counsel's actions. ***See*** N. T., 11/12/15, at 2. Further, it found Mr. Rudenstein's testimony that he had pursued the alibi defense in a reasonable fashion credible and that Appellant and his family had provided Mr. Rudenstein no information that would lead a reasonable defense attorney to argue an alibi defense. ***Id.*** at 2-3. We may not disturb this finding, as it is supported by the record. ***See Brown***, 48 A.3d at 1277.

Although the PCRA court's credibility finding eliminates the argument Appellant now presents to this Court, we will examine briefly whether the failure to present an alibi defense was objectively reasonable.

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

***Commonwealth v. Pander***, 100 A.3d 626, 631 (Pa. Super. 2014) (*en banc*) (citations omitted). To establish a claim that counsel was ineffective for failing to investigate or call witnesses, an appellant must meet four

prongs: 1) identify the witnesses; 2) demonstrate that defense counsel knew of the existence of those witnesses prior to trial; 3) demonstrate the witnesses would have provided material evidence at the time of trial; and 4) establish the manner in which the witnesses would have been helpful to his or her case. *See Commonwealth v. Poindexter*, 646 A.2d 1211, 1216 (Pa. Super. 1994).

Appellant cannot show that his parents would have provided material evidence at the time of trial or that they would have been helpful to his case. Appellant's parents did not provide counsel with details to support an alibi defense. Without information that could have been corroborated, defense counsel was wary of calling Appellant's parents, who could have been perceived as biased by a fact-finder. He discussed these concerns with Appellant, who agreed not to present an alibi defense. Based on the above, counsel's decision not to call Appellant's parents as alibi witnesses had a reasonable, objective basis. *See Brown*, 48 A.3d at 1277. Consequently, this Court discerns no legal error in the PCRA court's denial of Appellant's claim of ineffective assistance of counsel for failure to call Appellant's parents as alibi witnesses. *See Ragan*, 923 A.2d at 1170.

The PCRA court dismissed Appellant's remaining allegations of ineffective assistance of counsel without a hearing. PCO at 2. There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine

the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **See Springer**, 961 A.2d at 1264.

Appellant claims that counsel was ineffective for failing to properly advise him with regard to his waiver of his right to a jury trial. He avers that the only reason he waived this right was that he assumed the Commonwealth would be seeking the death penalty. **See** Appellant's Brief at 4. This assertion is contradicted by testimony elicited during the waiver colloquy and the record.

The Commonwealth stated at the waiver colloquy that it would not be seeking the death penalty, and that this was not in return for a waiver; the death penalty was off the table regardless of how Appellant chose to proceed. **See** N. T., 7/18/07, at 30. Additionally, Appellant testified that the decision to waive his right to a jury was knowingly, voluntarily, and intelligently made, and executed a four-page written jury waiver form. Appellant's claim is belied by the record and meritless. **See Commonwealth v. Bishop**, 645 A.2d 274, 277 (Pa. Super. 1994) (noting that it is clear an appellant may not obtain post-conviction relief by claiming that he lied during his waiver colloquy); **see also Commonwealth v. Smith**, 450 A.2d 973, 974 (Pa. 1982) (noting that a signed jury waiver form

must be accorded prima facie validity). Accordingly, we discern no error in the PCRA court's decision to dismiss this claim without a hearing.

Finally, Appellant claims that counsel was ineffective in agreeing to the trial court's "clearing of the courtroom" during the testimony of Marco Agosto. He argues that this order violated his right to a public trial where there was "no reason" to clear the courtroom. *See* Appellant's Brief at 4.

The decision to limit the number of spectators in a courtroom is within the sound discretion of the trial court and will be reversed only if the court abuses its discretion in issuing an exclusion order or in fashioning the scope and duration of said order. *See Commonwealth v. Berrigan*, 501 A.2d 226, 234 (Pa. 1985).

At trial, Mr. Agosto was uncomfortable testifying before a large crowd, and the trial court judge, at a sidebar with counsel, noted Mr. Agosto's fear of testifying before the "extraordinary" number of people in the courtroom. *See* N. T., 7/19/07, at 109-10. The trial court expressed concern that spectators in the courtroom had previously acted in a disruptive manner. *Id.*, at 112, 122, 126. Counsel objected to clearing the courtroom, arguing that this violated Appellant's right to a public trial. *Id.* at 110-114. Following argument, the trial court cleared the courtroom for Agosto's testimony alone, with the relatives of Appellant, his co-defendant, and the victim, to remain. *Id.*, at 126. Counsel then rescinded his objection to clearing the courtroom for Mr. Agosto's testimony only, subject to the

presence of the aforementioned spectators. ***Id.*** at 127. Consequently, counsel was not ineffective for failing to object to the trial court's partial closure of the courtroom during the testimony of a witness. We discern no abuse of the court's discretion.

We discern no error in the PCRA court's decision to dismiss Appellant's claims without a hearing, as Appellant's claims are without merit and he is not entitled to relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2016