450 A.2d 973

**COMMONWEALTH of Pennsylvania, Petitioner,**

v.

**Carl Melvin SMITH, Jr.**

Supreme Court of Pennsylvania.

Oct. 5, 1982.

Ronald T. Williamson, Asst. Dist. Atty., Norristown, for petitioner.

Hubert David Yollin, Abington, for respondent.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

The Commonwealth seeks allowance of appeal from an order of the Superior Court granting respondent a new trial on burglary, robbery, kidnapping, and related charges. Respondent was found guilty of the charges by a court sitting without a jury. The Superior Court granted relief on the

ground that trial counsel provided ineffective assistance in failing to object to a defective jury-trial-waiver colloquy.

■ Our Rules of Criminal Procedure require a trial judge to ascertain whether a defendant's waiver of the right to trial by jury "is a knowing and intelligent waiver, and such colloquy shall appear on the record." Pa.R.Crim.Proc. 1101. For the waiver to be "knowing and intelligent," the defendant must know "the essential ingredients of a jury trial"—

> "the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel."

*Commonwealth v. Williams,* 454 Pa. 368, 373, 312 A.2d 597, 600 (1973).

The record is clear that respondent's understanding of these "essential ingredients" is not reflected in the on-the-record colloquy mandated by Pa.R.Crim.Proc. 1101. Although the judge explored respondent's understanding of the fact that "a jury would consist of twelve people who would be selected and sworn from a larger panel of jurors from all over [the county]," he did not explore respondent's understanding of either the fact that the jury's verdict would have to be unanimous or the fact that respondent could participate in jury selection.

Despite the deficient colloquy, the record also is clear that, at the close of the colloquy, respondent signed a written form which states that respondent "fully understand[s]" the ingredients of a jury trial, including the unanimity and defendant-participation requirements which were not explained in the colloquy. This form was also signed by respondent's counsel and by the trial judge who had conducted the colloquy.

■ Although the Superior Court acknowledged that respondent had signed the form reflecting respondent's full understanding of the right to a jury trial, the Superior Court

felt obliged to order a new trial under this Court's decision in *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978). There, a new trial was granted on a record that contained nothing other than a colloquy which was manifestly defective under the requirements of Pa.R.Crim.Proc. 1101. Thus "the only conclusion possible [was] that [the defendant's] previous counsel was ineffective for failing to raise the issue of the validity of the jury trial waiver." 477 Pa. at 86, 383 A.2d at 832.

Here, although the colloquy did not include an explanation of the unanimity and defendant-participation requirements, the written form signed by respondent, his counsel, and the court states that respondent was indeed fully aware of these requirements. This form must be accorded prima facie validity. Cf. *Commonwealth v. Myrick,* 468 Pa. 155, 161, 360 A.2d 598, 601 (1976) (either colloquy or signed statement reflecting defendant's waiver of rights pursuant to Pa.R. Crim.Proc. 1100 "would by themselves be sufficient record indication that the waiver was, prima facie, informed and voluntary").

From the record, including the brief of respondent filed with the Superior Court, it is clear that respondent has in no respect questioned the validity of the signed waiver form. Therefore, we must conclude on the basis of the present record that respondent was aware of his rights, and that trial counsel was not ineffective for failing to object to defects in the colloquy. See, e.g., *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974) (counsel not ineffective for failing to pursue baseless claim).*

Petition for allowance of appeal granted. Order of the Superior Court vacated, 297 Pa.Super. 63, 443 A.2d 299, and record remanded for proceedings consistent with this opinion.

* The Superior Court did not consider other claims in support of a new trial which had been presented by respondent. Thus our disposition does not affect respondent's right to renew these other claims in further proceedings before the Superior Court.