J. S25037/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH E. LONGO, JR., | : | No. 2505 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, July 8, 2016,
in the Court of Common Pleas of Wayne County
Criminal Division at No. CP-64-CR-0000015-2012

BEFORE:  BENDER, P.J.E., RANSOM, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 15, 2017**

Joseph E. Longo, Jr., appeals from the order of July 8, 2016, denying his PCRA[1] petition.  Appointed counsel, Oressa P. Campbell, Esq., has filed a petition to withdraw.  After careful review, we affirm the order denying appellant PCRA relief and grant the petition to withdraw as counsel.

The underlying facts of this case, which are not germane to this appeal, were set out by this court in a memorandum decision affirming appellant's judgment of sentence on direct appeal.  ***Commonwealth v. Longo***, No. 1363 EDA 2013, unpublished memorandum at 1-3 (Pa.Super. filed March 3, 2014).[2]  Following a non-jury trial, appellant was found guilty

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] ***Commonwealth v. Longo***, 100 A.3d 292 (Pa.Super. 2014).

of one count each of aggravated indecent assault of a child and indecent assault -- complainant less than 13 years of age.[3] The charges related to appellant's sexual assault of the 6-year-old victim, A.R. On April 4, 2013, appellant was sentenced to an aggregate of 10 to 20 years' imprisonment. Appellant did not file post-sentence motions, but did file a timely direct appeal. On March 3, 2014, this court affirmed the judgment of sentence. *Id.* Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On March 2, 2015, appellant filed a timely ***pro se*** PCRA petition. Counsel was appointed and filed several amended petitions on appellant's behalf. On June 20, 2016, an evidentiary hearing was held, at which appellant and trial counsel, Alfred G. Howell, Esq., testified. On July 8, 2016, appellant's petition was denied. This timely appeal followed.

In her brief on appeal, Attorney Campbell has raised the following issues for this court's review:

> I. Are there any non-frivolous issues preserved for appeal?
>
> II. Whether the Trial Court erred in determining that Trial Counsel did not render ineffective assistance of counsel and that no Constitutional violations occurred[?]
>
> III. Whether the Trial Court erred in determining that the Appellant failed to establish that an actual conflict of interest adversely affected his lawyer's performance[?]

---

[3] 18 Pa.C.S.A. §§ 3125(a)(1), (b), & 3126(a)(7), respectively.

> IV. Whether the Trial Court erred in determining that the Appellant failed to state why the filing of the pretrial motions would have affected the outcome of the case[?]
>
> V. Whether the Trial Court erred in determining that the Appellant failed to show how his understanding of a [written] waiver [of his right to a] jury trial was constitutionally impaired by his trial counsel[?]

Appellant's brief at 5.

Initially, we note that Attorney Campbell has filed an *Anders* brief rather than a *Turner*/*Finley* "no-merit" letter. *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On an appeal from the denial of a PCRA petition, a *Turner*/*Finley* letter is the appropriate filing. However, we may accept an *Anders* brief instead. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 882 A.2d 477 (Pa. 2005) ("[B]ecause an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter."). *See also Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009) (guiding Pennsylvania courts' application of *Anders*). Despite counsel's error, we find that she has substantially complied with the *Turner*/*Finley* requirements. Hence, we overlook her procedural misstep. In addition, Attorney Campbell has attached a copy of the letter to appellant advising

him of counsel's intention to withdraw and of his rights going forward. ("**Anders** Brief," Appendix B.) **See Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa.Super. 2006) ("PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the 'no-merit' letter, and (ii) a statement advising the PCRA petitioner that, in the event the [] court grants the application of counsel to withdraw, the petitioner has the right to proceed **pro se**, or with the assistance of privately retained counsel" (footnote omitted)). Appellant has not responded to Attorney Campbell's petition to withdraw.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa.Super.2001).

**Commonwealth v. Turetsky**, 925 A.2d 876, 879 (Pa.Super. 2007), **appeal denied**, 940 A.2d 365 (Pa. 2007).

> [W]e begin with the presumption that counsel was effective. A claimant establishes ineffective assistance of counsel when he demonstrates that [1] the underlying claim is of arguable merit; [2] that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate the appellant's interest; and finally, [3] that counsel's action or inaction was prejudicial to the client. For an action (or inaction) by counsel to be considered prejudicial to the client, there must be a reasonable probability that the outcome of the proceedings would have been different. All three

prongs of this test must be satisfied. If an appellant fails to meet even one prong of the test, his conviction will not be reversed on the basis of ineffective assistance of counsel.

*Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa.Super. 2004), *appeal denied*, 860 A.2d 123 (Pa. 2004) (citations and internal quotation marks omitted).

In his first issue on appeal, appellant claims that trial counsel, Attorney Howell, had a conflict of interest because he was employed as a solicitor for Wayne County Children and Youth Services ("CYS"). Appellant was investigated by CYS for the same allegations that led to the criminal charges in this case. Appellant argues that it was a conflict of interest for trial counsel to have simultaneously represented both CYS and appellant.

> In *Commonwealth v. Buehl*, 510 Pa. 363, 508 A.2d 1167 (1986), we stated:
>
>> it is true that prejudice is presumed when counsel is burdened by an actual conflict of interest, this is only if the defendant demonstrates that counsel "actively represented conflicting interests" and "that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333[ ](1980).

*Commonwealth v. Hawkins*, 787 A.2d 292, 297 (Pa. 2001).

Attorney Howell testified that he was employed by Wayne County but had little involvement with CYS at that time. (Notes of testimony, 6/20/16 at 30.) He did not know why his name appeared on CYS' letterhead. (*Id.*)

Attorney Howell testified that he had no knowledge of CYS' investigation into the allegations against appellant. (*Id.* at 32-33.) The only information Attorney Howell received from CYS was in his capacity as appellant's attorney. (*Id.*) The PCRA court found Attorney Howell's testimony in this regard to be credible. (PCRA court opinion, 7/8/16 at 4.) Therefore, appellant failed to establish an actual conflict of interest and the issue lacks arguable merit.

In his second issue on appeal, appellant argues that trial counsel was ineffective for failing to file any pre-trial motions other than a routine motion for a continuance. Appellant alleges that trial counsel failed to file a motion for discovery, bill of particulars, or an omnibus pre-trial motion. However, appellant offered no evidence to demonstrate that he requested any pre-trial motions be filed on his behalf or how such filings would have affected the outcome of his case. At the PCRA hearing, appellant complained that Attorney Howell failed to get a copy of the CYS investigation report. (Notes of testimony, 6/20/16 at 9-11.) However, the CYS report made an "Indicated" finding of substantial evidence of child sexual abuse. (*Id.* at 18, 21; Exhibit D-3.) The CYS report was not exculpatory. Without demonstrating how he was prejudiced by trial counsel's alleged error in failing to file pre-trial motions, the claim fails.

Next, appellant maintains that trial counsel was ineffective for failing to ensure that his waiver of his right to a jury trial was done so voluntarily, knowingly, and intelligently.

> In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

> The essential elements of a jury waiver, though important and necessary to an appreciation of the right, are nevertheless simple to state and easy to understand. "The[] essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597, 600 (1973); *accord Commonwealth v. Smith*, 498 Pa. 661, 450 A.2d 973, 974 (1982). Notwithstanding the Rule's reference to a "colloquy on the record," the use of a written jury trial waiver form has been deemed sufficient in the absence of an oral jury trial waiver colloquy. *Williams*, 312 A.2d at 599-600 (rejecting request for per se prophylactic rule requiring relief whenever Rule 1101 (predecessor to Rule 620) is violated; if other evidence proves waiver was knowing and voluntary, purpose of Rule is served); *Smith*, 450 A.2d at 974 (written waiver form "must be accorded prima facie validity").

*Commonwealth v. Mallory*, 941 A.2d 686, 696-697 (Pa. 2008), *cert. denied*, 555 U.S. 884 (2008). "[T]o prove trial counsel ineffective, each appellant must show that his understanding of the written waiver was constitutionally impaired by his lawyer's deficient performance, as well as proof that he would have elected a jury but for his lawyer's performance." *Id.* at 702.

Instantly, appellant claims that trial counsel failed to fully explain his rights regarding a jury trial. (Notes of testimony, 6/20/16 at 15-16.) However, the record contains a written waiver of appellant's right to a jury trial, signed by appellant, Attorney Howell, the assistant district attorney, and the trial judge. (Commonwealth's exhibit 2.) Attorney Howell testified that he reviewed the written waiver with appellant. (Notes of testimony, 6/20/16 at 34.) Attorney Howell testified that he and appellant thoroughly discussed the issue and that appellant "was adamant and was definite, 100% on his decision, I want to have a non-jury trial." (*Id.* at 31.) There is nothing in the record to indicate that appellant's understanding of the written waiver form was impaired by trial counsel's allegedly deficient performance. Therefore, the claim lacks arguable merit.

Finally, appellant argues that trial counsel was ineffective for failing to call Father William Langan as a witness.[4]

> To prove that counsel was ineffective for not presenting certain witnesses, a defendant "must establish the existence of and the availability of the witnesses, counsel's actual awareness, or duty to know, of the witnesses, the willingness and ability of the witnesses to cooperate and appear on the defendant's behalf and the necessity for the proposed testimony in order to avoid prejudice." ***Commonwealth v. Whitney***, 550 Pa. 618, 708 A.2d 471, 480 (1998) (citing ***Commonwealth v. Wilson***, 543 Pa. 429, 672 A.2d 293, 298 (1996)).

***Commonwealth v. Spotz***, 896 A.2d 1191, 1219 (Pa. 2006).

Appellant failed to establish that Father Langan was available and willing to testify on his behalf. Attorney Howell testified at the PCRA hearing that Father Langan, a prospective character witness, was reluctant to testify and was unavailable. (Notes of testimony, 6/20/16 at 29.) Appellant essentially conceded that Father Langan was unavailable to testify at trial, testifying that Father Langan was subpoenaed but "[i]t was a little too late." (***Id.*** at 12.) At any rate, appellant presented no evidence showing that the absence of Father Langan's testimony was so prejudicial as to deny him a

---

[4] This issue was not raised in counsel's brief on appeal but was raised in the PCRA court and addressed by the PCRA court in its opinion and order denying appellant's petition. (PCRA court opinion, 7/8/16 at 4-5.) In accordance with our scope of review in PCRA appeals where counsel has petitioned to withdraw, we shall address it.

fair trial or that the outcome would have been different. (PCRA court opinion, 7/8/16 at 5.) This claim fails.[5]

Having conducted an independent review of the entire record, this court is satisfied that the issues raised in appellant's petition are meritless and that the PCRA court did not err in denying appellant's petition. Accordingly, we will grant Attorney Campbell's petition to withdraw and affirm the order denying appellant's PCRA petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2017

---

[5] Father Langan was not called as a witness at the PCRA hearing, nor did appellant comply with 42 Pa.C.S.A. § 9545(d)(1) (where a petitioner requests an evidentiary hearing, the petition must include a signed certification as to each intended witness and the petitioner must also provide the witness' name, address, date of birth, and the substance of the proposed testimony). Therefore, it is unknown what Father Langan would have testified to at trial.