J-S24028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD GREGORY | |
| Appellant | No. 2643 EDA 2019 |

Appeal from the PCRA Order Entered August 9, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011340-2012

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    Filed: August 27, 2020

Appellant, Ronald Gregory, who was convicted of raping a 78-year-old female in her home and other crimes, appeals from an order dismissing his amended petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The following facts were adduced during Appellant's guilty plea hearing. On July 26, 2012, at approximately 11:00 pm, Appellant, without permission, entered into the home of 78-year-old M.H., who was sleeping at the time. Appellant, who did not know M.H., woke her up and brutally raped her, penetrating her vaginally, anally, and orally.  N.T. 12/02/13, pp. 9-10. Appellant stole M.H.'s television and a fanny pack that contained her rent money.  *Id.*  M.H. identified Appellant at the preliminary hearing and was

_____

[*] Retired Senior Judge assigned to the Superior Court.

prepared to testify at trial. *Id.* at 13. Another witness observed Appellant leaving M.H.'s home carrying a television and fanny pack, *id.* at 11, and forensic analysis matched Appellant's DNA to trace evidence of semen recovered from M.H.'s face. *Id.* at 10-11.

On December 2, 2013, shortly before trial, Appellant entered an open plea of no contest to rape, involuntary deviate sexual intercourse, burglary and robbery.[1] Prior to sentencing, Appellant filed a *pro se* motion to withdraw his plea. Counsel continued the sentencing hearing several times to discuss options with Appellant and his family. Ultimately, Appellant withdrew his *pro se* motion, and the case proceeded to sentencing. The Commonwealth recommended a sentence of 40-80 years' imprisonment, but after hearing testimony from Appellant, his family, and his girlfriend, the court imposed a sentence of 18-47 years' imprisonment.

Appellant filed a motion for reconsideration of sentence, which the court denied, and a direct appeal, claiming that his sentence was excessively lengthy. On February 9, 2016, this Court affirmed. *Commonwealth v. Gregory*, 1571 EDA 2014, 2016 WL 545815 (Pa. Super., Feb. 9, 2016) (unpublished memorandum). On July 26, 2016, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. Appellant did not file a petition for certiorari in the United States Supreme Court. Accordingly,

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123 (a)(1), 3701 (a)(1)(ii), and 3502(a)(1), respectively.

his judgment of sentence became final on October 24, 2016, 90 days after the denial of allocatur.

Subsequently, Appellant filed the PCRA petition presently under review. The PCRA court appointed counsel, who filed an amended PCRA petition raising claims of guilty plea counsel's ineffective assistance.

There were two time stamps on Appellant's original petition: one stating that it was "filed" on August 14, 2017, and a second stating it was received on August 14, 2018. The petition included several items of note:

(1) A proposed order for appointment of counsel dated August 6, 2018;

(2) Appellant's handwritten note that he sent his PCRA petition to his attorney on August 14, 2017; and

(3) A cash slip for postage dated August 14, 2017.

Based on the cash slip, the PCRA court determined that Appellant "filed, or certainly attempted to file," the original petition on August 14, 2017, which explained why the PCRA clerk stamped the petition "filed" on that date. N.T. 7/1/19, at 4-5. Accordingly, the court found that the original petition was timely filed.

On July 1, 2019, the PCRA court convened an evidentiary hearing on the claims in Appellant's amended PCRA petition. Guilty plea counsel and Appellant both testified. On August 9, 2019, the PCRA court denied Appellant's amended petition. On September 6, 2019, Appellant filed a notice of appeal to this Court. The PCRA court filed a Pa.R.A.P. 1925 opinion without ordering Appellant to file a statement of matters complained of on appeal.

Appellant raises the following issues in this appeal:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence [was] presented to establish that [A]ppellant was denied his constitutional right to effective assistance of counsel based on trial counsel's erroneous advice during plea negotiations regarding the duration of the sentence the court would impose[?]

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence presented to establish that [A]ppellant's guilty plea was unlawfully induced based on trial counsel's ineffectiveness[?]

Appellant's Brief at 8.

Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Maxwell*, — A.3d —, 2020 WL 2079168, *4 (Pa. Super. 2020). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.* "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Id.* In contrast, we review the PCRA court's legal conclusions *de novo*. *Id.*

Before we may address the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA requires petitions to be filed "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review,

- 4 -

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003).

Here, Appellant's judgment of sentence became final on October 24, 2016, so the time for filing a PCRA petition expired on October 24, 2017. The PCRA court deduced from the cash slip for postage that Appellant mailed his petition for filing on August 14, 2017. The Commonwealth contends that the PCRA court is mistaken, pointing to Appellant's handwritten note in his petition as evidence that he mailed his petition on August 14, 2017, to his attorney, not to the PCRA court. The Commonwealth also argues that the proposed order in Appellant's petition for appointment of counsel PCRA petition, dated August 6, 2018, demonstrates that he submitted his petition to prison authorities in August 2018 instead of August 2017.

Although the Commonwealth's argument is plausible, the question of when Appellant filed his original PCRA petition is purely factual. We cannot override the PCRA court's factual findings unless there is **no** support for these findings in the record. *Maxwell*, 2020 WL at 2079168, *4. In this case, there

- 5 -

were facts in the record that, at least when considered in isolation, indicate that Appellant mailed this petition for filing on August 14, 2017—the August 14, 2017 postage slip and the August 14, 2017 timestamp on the original petition. Thus, we accept August 14, 2017, as the filing date, which demonstrates that Appellant timely filed his original petition within the one-year statute of limitations. We therefore proceed to the issues raised by Appellant in this appeal.

Appellant claims that counsel provided ineffective assistance, and that his plea of no contest was coerced and involuntary, because counsel "guarantee[d]" him a sentence of no more than of five to ten years' imprisonment if he pleaded no contest. Appellant's Brief at 12. No relief is due.

To obtain relief on a claim of ineffective assistance of counsel, Appellant must prove that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his actions or failure to act; and (3) the petitioner was prejudiced by counsel's deficient performance such that there is a reasonable probability that the result of the proceeding would have been different absent counsel's error or omission. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012).

To prevail on a claim alleging counsel's ineffectiveness relating to a plea, Appellant "must show that counsel's deficient stewardship resulted in a

manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea." ***Commonwealth v. Flanagan***, 854 A.2d 489, 502 (Pa. 2004). "A plea of nolo contendere is treated in the same manner as a guilty plea in terms of its effect upon a particular case." ***Commonwealth v. Williams***, 660 A.2d 614, 619 n.1 (Pa. Super. 1995). Appellant "is bound by [his] statements made during [his] plea colloquy, and may not successfully assert claims that contradict such statements." ***Commonwealth v. Muhammad***, 794 A.2d 378, 384 (Pa. Super. 2002). A written colloquy can supplement the oral colloquy, ***Commonwealth v. Morrison***, 878 A.2d 102, 108-09 (Pa. Super. 2005), and the written colloquy "must be accorded prima facie validity," ***Commonwealth v. Smith***, 450 A.2d 973, 974 (Pa. 1982).

Here, during the oral plea colloquy, the court explained that Appellant could be sentenced to a maximum of 80 years, which Appellant confirmed he "understood." N.T. 12/02/13, at 8. The court asked if Appellant understood "that the decision as to what sentence you receive will be mine and mine alone," and Appellant responded, "Yes, ma'am." ***Id.*** The court asked whether "anyone has threatened you or forced you to enter into this plea," to which Appellant responded, "No, ma'am." ***Id.*** at 8-9. Appellant confirmed that he was satisfied with the services of his attorney, acknowledged that he had signed a written no contest plea form, and testified that his lawyer explained the form to him and he "underst[oo]d everything in the form." ***Id.*** at 9. The written no contest plea colloquy form stated, "I know I can go to jail for up to

80 years and be fined $100,000 for the crimes I committed," "[t]here is no plea bargain or agreement of any kind," and "[n]obody promised me anything or threatened me or forced me to plead guilty. I, myself, have decided to plead guilty. I know what I say today is final." Written No Contest Colloquy 05/02/14, at 1.

Citing **Flanagan**, Appellant argues that his no contest plea was defective. In **Flanagan**, "the plea court committed two errors" that fatally undermined the defendant's plea: the court's plea colloquy "failed to adduce the factual basis for [Flanagan's] plea" and it "erroneously advised" Flanagan about the scope of his possible accomplice liability. **Id.**, 854 A.2d at 493. Here, in contrast, Appellant identifies no defects at all in the plea colloquy, pointing only to out-of-court promises counsel allegedly made to him that do not appear in the colloquy or anywhere else in the record.

Appellant's argument is undermined not only by his own plea colloquy, but also by the PCRA court's factual and credibility findings that are owed deference on appeal. PCRA Opinion, 2/12/20, at 8; N.T. 07/01/19 at 60. In particular, at the evidentiary hearing, plea counsel unequivocally denied "tell[ing] [Appellant] that if he were to enter into an open *nolo contendere* plea or no contest plea that he would get a sentence of five to ten years," and counsel testified that he "would never guarantee anybody a sentence." N.T. 07/01/19, at 19. The PCRA court found plea counsel's testimony "very credible." **Id.** at 60. Based on that testimony and the record as a whole, the

PCRA court concluded, "There is no indication other than [Appellant] now saying he was told he was getting a five-to ten-year sentence. There is nothing to support that claim." *Id.* The PCRA court's factual determinations are supported by the record, and we agree with the PCRA court that Appellant's claim of ineffective assistance lacks merit.

Next, Appellant argues that defense counsel was ineffective for "fail[ing] to file and litigate pre-trial motions" and "investigate potential witnesses." Appellant's Brief at 13. No relief is due. Appellant fails to identify what motions counsel should have filed or what witnesses counsel should have investigated. Thus, Appellant's claim lacks arguable merit.

Finally, Appellant argues that defense counsel failed to file a post-sentence motion to reconsider his sentence. While it is true that no post-sentence motion is in the record, counsel testified that he did file a motion to reconsider, N.T. 07/01/19, at 29, and the record includes an order by the trial court denying this motion. Order 05/13/14, at 1. On direct appeal, this Court found that Appellant preserved his objection to the length of his sentence "in a post-sentence motion" for reconsideration, and we affirmed his sentence on the merits. *Gregory*, No. 1571 EDA 2014, 2016 WL 545815, at *1 & n.3. Appellant fails to identify any relevant sentencing factors overlooked by the sentencing judge.

Appellant's attempt to analogize this case to *Commonwealth v. Green*, 957 A.2d 1238 (Pa. Super. 2008), *vacated* 981 A.2d 1283 (Pa. 2009),

is unavailing. In **Green**, the trial court imposed "what [was] essentially a life sentence" in a "garden variety drug dealing case," but that issue was waived on direct appeal because defense counsel failed to move for reconsideration. **Id.**, 957 A.2d at 1242-43. In contrast, the present case is not "garden variety": Appellant raped, burglarized and robbed a 78-year-old woman in an offense that the trial court considered "one the most egregious that I have ever heard." N.T. 05/02/14, at 32. Moreover, unlike in **Green**, the record herein shows that counsel filed a motion to reconsider sentence, thus preserving Appellant's objection to his sentence for appellate review.

For these reasons, we affirm the PCRA court's order denying relief to Appellant.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/20