J-S28030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
OBADIAH MOSER :
:
Appellant : No. 542 MDA 2025

Appeal from the PCRA Order Entered April 21, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001544-2020

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                          **FILED NOVEMBER 18, 2025**

Appellant, Obadiah Moser, appeals from the order entered on April 21, 2025, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly set forth the facts and procedural history of this case as follows.  "On November 11, 2020, police charged [Appellant with various crimes arising from the sexual abuse of a male minor on eleven occasions]. The case proceeded to a non-jury trial on October 20 and 21, 2021" wherein the trial court ultimately found Appellant guilty of 48 sexual offenses. ***Commonwealth v. Moser***, 283 A.3d 850, 853 (Pa. Super. 2022).  On September 22, 2022, this Court affirmed Appellant's "judgment of sentence of 80 to 160 years of incarceration[.]"  ***Id.***  Appellant did not appeal that determination to our Supreme Court.

On October 24, 2022, Appellant filed a timely *pro se* PCRA petition. After the appointment of PCRA counsel and a court conference, counsel filed an amended PCRA petition on February 17, 2023. After an additional court conference, the PCRA court held an evidentiary hearing on August 2, 2024, wherein trial counsel, Appellant, and Appellant's wife testified. By order and opinion filed on April 21, 2025, the PCRA court denied relief and dismissed Appellant's PCRA petition. This timely, counseled appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

A. [Whether] the [PCRA] court erred by failing to grant [Appellant's PCRA] petition for a new trial when trial counsel failed to properly advise [Appellant] of the ramifications of waiving a jury trial which, when combined with an invalid waiver on the record, resulted in [Appellant's] waiver being involuntary, unknowing, and unintelligent, denying him his constitutional right to a trial by jury[?]

B. [Whether] the [PCRA] court erred by failing to grant [Appellant's PCRA] petition for a new trial when trial counsel failed to meet with [Appellant] in a meaningful manner, failed to discuss and prepare a defense to the charges and failed to explain [Appellant's] options and rights in violation of the Sixth Amendment to the United States Constitution which denied [Appellant] the effective assistance of counsel[?]

C. [Whether] the [PCRA] court erred by failing to grant [Appellant's PCRA] petition asserting the errors set forth above together amount to cumulative error stemming from trial counsel's failure to properly advise [Appellant] and prepare a

---

[1] On April 24, 2025, Appellant filed a timely notice of appeal. The PCRA court directed Appellant to file a concise statement of errors complained of appeal pursuant to Pa.R.A.P. 1925(b) and Appellant complied timely on April 29, 2025. On April 30, 2025, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) relying upon its earlier decision filed on April 21, 2025.

> defense on his behalf which denied [Appellant] the right to effective assistance of counsel[?]

Appellant's Brief at 4.

All of Appellant's claims assert the alleged ineffective assistance of trial counsel under the PCRA. We have previously explained:

> our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> *       *       *
>
> To establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Hilton*, 281 A.3d 1090 (Pa. Super. 2022). "Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Id.* (citation omitted). "It is well established[, however,] that counsel is presumed to have rendered effective assistance" and it is the PCRA petitioner that must prove otherwise. *Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019).

In his first issue presented, Appellant claims that on October 8, 2021 "at the time scheduled to select a jury[,]" Appellant and trial counsel appeared before the court and Appellant offered to waive his right to a jury trial." Appellant's Brief at 11-12. Appellant, however, now asserts that his "jury waiver was not entered in a knowing, intelligent and voluntary manner." *Id.* at 12. More specifically, Appellant maintains:

> Fifteen (15) minutes prior to the commencement of [jury selection], [trial counsel], who had represented [Appellant] for approximately eleven (11) months, met with [Appellant] and his wife Jeri Moser in [trial counsel's] office. [Trial counsel] had met with [Appellant] and his wife two (2) prior times during that eleven (11) month period. Prior to [this] meeting, [trial counsel] repeatedly expressed his view to [Appellant] and his wife that the Commonwealth's case was simply [Appellant's] word versus the victim's word, that nothing of evidentiary value was found in the seizure and search of [Appellant's] electronic devices, and that the victim's multiple year delay in reporting [the alleged sexual abuse] worked to [Appellant's] favor.
>
> During that fifteen (15) minute meeting[,] for the first time, [trial counsel] revealed to [Appellant and his wife] that the Commonwealth had [extracted] electronic notes found in a search of [Appellant's] [cellular tele]phone that matched the description of events provided by the victim. [At the PCRA evidentiary hearing, trial counsel] testified that he had reviewed the evidence in June of 2021. [Trial counsel] testified that this evidence changed his view of the Commonwealth's case against [Appellant] and that he expressed his concern that the evidence made it very likely that [Appellant] would be convicted[. Trial counsel] testified that [Appellant] became upset when this evidence was revealed to him. [Trial counsel] also agreed that the first time he spoke with [Appellant] about waiving a jury and proceeding with a bench trial was during this fifteen (15) minute meeting after [counsel] revealed the above inculpatory evidence.

*Id.* at 13-14 (record citations omitted).

Moreover, Appellant also concedes that he signed a written jury waiver form after his fifteen-minute meeting and, subsequently that "[t]he trial court conducted an on-the-record oral colloquy of [Appellant] regarding his decision to waive a jury trial." *Id.* at 14. However, Appellant argues that he appeared confused at times and that the record shows he "did not adequately understand his right to a jury trial, what waiving that right would mean and that the decision was solely his." *Id.* at 14-15. Appellant maintains that he would not have waived his right to a jury trial if that right had been effectively explained to him. *Id.* at 20.

Our Supreme Court has found:

The right to trial by jury is enshrined in both the [United States] and Pennsylvania Constitutions. *See* U.S. Const. Amend. VI; Pa. Const. art. I, § 6. The importance of the right is recognized by the procedural protections in Rule 620 of [Pennsylvania's] Criminal Procedural Rules, which provides that:

In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

* * *

The essential elements of a jury waiver, though important and necessary to an appreciation of the right, are nevertheless simple to state and easy to understand. "The[] essential ingredients,

- 5 -

basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." ***Commonwealth v. Williams***, 312 A.2d 597, 600 (Pa. 1973); ***accord Commonwealth v. Smith***, 450 A.2d 973, 974 (Pa. 1982). Notwithstanding the Rule's reference to a "colloquy on the record," the use of a written jury trial waiver form has been deemed sufficient in the absence of an oral jury trial waiver colloquy. ***Williams***, 312 A.2d at 599-600 (rejecting request for *per se* prophylactic rule requiring relief whenever Rule 1101 (predecessor to Rule 620) is violated; if other evidence proves waiver was knowing and voluntary, purpose of Rule is served); ***Smith***, 450 A.2d at 974 (written waiver form "must be accorded *prima facie* validity").

A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional "right." Citizens can waive their fundamental rights in the absence of a colloquy; indeed, waivers can occur by conduct or by implication, as in the case of a criminal trial conducted *in absentia* after the defendant fails to appear. ***See Commonwealth v. Wilson***, 712 A.2d 735, 737 (Pa. 1998). Moreover, the absence of an on-the-record colloquy concerning the fundamentals of a trial by jury does not prove, in an absolute sense, that a defendant failed to understand the right he waived by proceeding non-jury. Consider, for example, a criminally-accused lawyer who waives a jury. Or, consider a career criminal defendant with previous, first-hand experience with jury trials. Or, imagine a reasonably intelligent client whose lawyer informed him, off the record, of the three basics of a jury trial. The record colloquy contemplated by Pa.R.Crim.P. 620 serves a salutary prophylactic purpose, as it makes it plain that a jury waiver is knowing and voluntary, and it creates a record in the event of a later, collateral attack upon the waiver. For the same twin reasons, an on-the-record colloquy is a useful procedural tool whenever the waiver of any significant right is at issue, constitutional or otherwise, *e.g.,* waiver of a trial, waiver of the right to counsel, waiver of the right to call witnesses, waiver of the right to cross-examine witnesses, waiver of rules-based speedy trial time limits, etc. But the colloquy does not share the same status as the right itself.

\* \* \*

- 6 -

Of course, lawyers have an obligation to counsel their clients in conjunction with the waiver of basic rights, including the waiver of a jury; but the mere absence of a record oral waiver colloquy does not automatically prove that a right was relinquished unknowingly or involuntarily and that the trial lawyer was ineffective for causing the waiver. When a presumptively-valid waiver is collaterally attacked under the guise of ineffectiveness of counsel, it must be analyzed like any other ineffectiveness claim. Such an inquiry is not resolved by the mere absence of an oral waiver colloquy; instead, the analysis must focus on the totality of relevant circumstances. Those circumstances include the defendant's knowledge of and experience with jury trials, his explicit written waiver (if any), and the content of relevant off-the-record discussions counsel had with his client. **See Commonwealth v. Allen**, 732 A.2d 582, 590 (Pa. 1999) (rejecting *per se* approach and holding that trial court should determine defendant's actual knowledge in guilty plea colloquy context by looking at totality of circumstances to distinguish whether plea was voluntarily, knowingly, and intelligently made); **Commonwealth v. DeGeorge**, 485 A.2d 1089, 1091-1092 (Pa. 1984) (permitting "consideration of circumstances outside the content of the of-record colloquy in determining the validity of the waiver" when counsel allegedly was ineffective for failing to object to trial court's acceptance of defendant's jury waiver without first conducting on-the-record colloquy); **see also Commonwealth v. O'Donnell**, 740 A.2d 198, 215-219 (Pa. 1999) (Castille, J., dissenting) (collecting and discussing cases).

**Commonwealth v. Mallory**, 941 A.2d 686, 696–698 (Pa. 2008) (footnotes omitted).

"[W]here [an] appellant[], with the assistance of counsel, executes [an] explicit signed, of-record written jury waiver[]" prejudice is not presumed, unlike a scenario "where counsel's lapse caused the complete default of [a] direct appeal[] requested by the client." **Id.** at 702 ("[W]here [a] valid written jury waiver[ was] executed" there is no "complete failure" of counsel that would trigger the [] presumption" of prejudice *per se*.) "[T]he absence of an oral jury waiver colloquy alone does not prove that counsel [was] ineffective.

Rather, to prove trial counsel ineffective, [an] appellant must show that his understanding of the written waiver was constitutionally impaired by his lawyer's deficient performance, as well as proof that he would have elected a jury but for his lawyer's performance." *Id.* "[W]hen a defendant seeks to collaterally attack his waiver of a jury trial, on grounds that it was caused by the ineffective assistance of his trial counsel, to prove prejudice, he must demonstrate a reasonable probability that but for counsel's constitutionally deficient service, the outcome of the waiver proceeding would have been different, *i.e.*, that he would not have waived his right to a jury trial." *Id.* at 704.

Here, the PCRA court initially noted that Appellant executed a written jury waiver form in accordance with Pa.R.Crim.P. 620. PCRA Court Opinion, 4/21/2025, at 12. Moreover, the PCRA court stated that Appellant "answered the [trial c]ourt's [oral] colloquy and responded in the affirmative when asked whether he knew and understood the critical components of a jury trial, whether he discussed these issues with counsel, whether he comprehended the importance of the rights subject to waiver, and whether he intended to waive those rights freely." *Id.* As such, the PCRA court found no merit to Appellant's claim and concluded that counsel did not interfere with Appellant's freedom to waive a jury trial. The PCRA court also recognized that Appellant "acted strangely in his responses" during the oral colloquy but declared that those responses "showed his impatience with the process rather than a lack of understanding what was happening." *Id.* at 13. The PCRA court credited

trial counsel's testimony "that given the evidence in this case, particularly the [n]otes from [Appellant's cellular tele]phone it would be better for this case to proceed to trial before a judge rather than a jury." *Id.* at 13-14. As such, the PCRA court found that trial counsel also had a reasonable strategy. *Id.* at 14. Finally, the PCRA court determined that the evidence showed that Appellant was not prejudiced. *Id.* Instead, the PCRA court determined that Appellant was frustrated about the evidence found on his cellular telephone and the judicial process, generally. *Id.* The PCRA court found that Appellant "was not confused" and that his "current feelings about his waiver of his right to a jury trial are the result of 'buyer's remorse' from conversations with other inmates or 'jailhouse lawyers,' who believe they know better than an actual licensed attorney[.]" *Id.*

Upon review, we agree with the PCRA court's assessment. Prior to waiving his right to a jury, Appellant signed a written colloquy in conformity with Rule 620. Thereafter, the trial court conducted an oral colloquy for additional clarification. The trial court explained the basic concepts of a jury trial, including selection of the jury from the community, unanimity of the verdict, and Appellant's right to participate in the selection of the jury panel. N.T., 10/8/2021, at 5-10. Trial counsel additionally questioned Appellant before the trial court was satisfied that Appellant understood his rights and

was waiving them.[2]  *Id.* at 15-16.  Appellant cannot now say that he did not understand the rights that he was giving up and he cannot "obtain post-

---

[2]  More specifically, the following exchange occurred:

| Trial counsel: | Do you agree that this decision is yours and yours alone with my advice? |
|---|---|
| Appellant: | Oh, yes. |
| Trial counsel: | Do you also acknowledge that you are making this decision, I'm not making this decision for you? |
| Appellant: | Correct. |
| Trial counsel: | Is your decision being done freely? |
| Appellant: | Yes. |
| Trial counsel: | Understanding the process? |
| Appellant: | Yes. |
| Trial counsel: | And intelligently? |
| Appellant: | Yes. |
| Trial counsel: | Have I pressured you to do this? |
| Appellant: | No. |
| Trial counsel: | Have I done or said anything to cause you to do this instead of having a jury trial? |
| Appellant: | No. |
| Trial counsel: | Did we discuss your concerns about [a] jury trial in my office prior to coming here this morning? |

*(Footnote Continued Next Page)*

conviction relief by merely claiming that he lied during his jury waiver colloquy." ***Commonwealth v. Jones***, 289 A.3d 77 (Pa. Super. 2022) (non-precedential decision), *citing* ***Commonwealth v. Bishop***, 645 A.2d 274, 277 (Pa. Super. 1994) (addressing claims of coerced guilty pleas in the context of ineffectiveness of counsel under the PCRA and maintaining that a defendant cannot prevail by claiming that he lied previously while under oath during a guilty plea colloquy). As such, we conclude that there is no merit to Appellant's first issue. Moreover, trial counsel had a reasonable strategy in advising Appellant to waive a jury trial when faced with potentially inculpatory physical evidence. Finally, there is no prejudice to Appellant. While Appellant baldly claims that he would have chosen a jury trial, he has not shown that his signed written waiver was constitutionally impaired by counsel's deficient performance. Accordingly, we discern no error in denying Appellant's first claim.

Next, Appellant argues that trial counsel was ineffective for failing to properly consult "in a meaningful manner, fail[ing] to discuss and prepare a defense to the charges and failed to explain [Appellant's] options and rights … which denied [Appellant] the effective assistance of counsel." Appellant's

---

| | |
|---|---|
| Appellant: | Yes. |
| Trial counsel: | Is it your decision now and your decision alone to go with a judge trial instead of a jury trial? |
| Appellant: | Yes. |

N.T., 10/8/2021, at 15-16.

- 11 -

Brief at 20. Appellant claims that trial counsel only met with him two or three times prior to trial. *Id.* at 21. They "discussed character witnesses, several of whom were called on [Appellant's] behalf at trial, and that they reviewed the recorded statements of the victim and [a] recorded [tele]phone call where [Appellant] speaks with the victim's father." *Id.* However, Appellant posits that trial counsel never discussed trial strategies, possible defenses, discovery, the elements of each offense charged, the quantum of evidence required for conviction, or the permissible range of sentences, and that trial counsel, instead, "simply indicated the Commonwealth's case was [Appellant's] word versus the victim's word." *Id.* Appellant contends that it was only "on the day scheduled for jury selection that [trial counsel], for the first time, reveal[ed] to [Appellant] that the Commonwealth's telephone extraction … revealed notes that matched the victim's description of events" despite trial counsel's concession that "he had this evidence in his possession several months before he discussed it with [Appellant]." *Id.* at 21-22. On this issue, Appellant relies principally on our Supreme Court's decision in ***Commonwealth v. Brooks***, 839 A.2d 245 (Pa. 2003). *Id.* at 22-23. More specifically, Appellant claims that in ***Brooks***, "the Pennsylvania Supreme Court examined what is required of defense counsel in a first[-]degree murder case where the defendant/appella[nt] alleged his trial counsel did not discuss a defense with him, did not discuss the potential penalties with him and did not meet with him sufficiently prior to trial to form a relationship that allowed for the preparation of an adequate defense." *Id.* at 22.

Initially, we note that an *en banc* panel of this Court, subsequently recognized that our Supreme Court in **Brooks**, found that counsel was ineffective for failing to "defend that client against first-degree murder charges in a single thirty-minute telephone conversation." **Commonwealth v. Johnson**, 51 A.3d 237, 243 (Pa. Super. 2012) (*en banc*) (Brooks' attorney failed to meet with him in person at all), *citing* **Brooks**, 839 A.2d at 249. However, in **Johnson**, we distinguished **Brooks** and found that where trial counsel represented Johnson at "the preliminary hearing and criminal arraignment, conducted a face-to-face meeting at his preliminary hearing, conducted another face-to-face meeting at the prison with [Johnson] prior to trial, and performed at least one telephone consultation," trial counsel in that case was not deemed ineffective. **Id.** at 244. The **Johnson** Court further stressed that "more contact may have been advisable, [but] we disagree[d] the length and frequency of the consultations alone can support a finding of ineffectiveness." **Id.**

Here, the PCRA court determined:

This [was] neither a capital case nor a situation where counsel failed to meet with his client at all. Whether [Appellant] remembers meeting or discussing matters with his attorney, the testimony established that [trial counsel] met with [Appellant] multiple times both before and after [the Commonwealth provided] discovery[.] [Counsel] also encouraged [Appellant] to write his story in detail as [Appellant] was adamant that he was innocent of the charges. [The PCRA c]ourt [found trial counsel's] testimony credible. Furthermore, the length and frequency of the consultations alone [were] insufficient to support a finding of ineffectiveness.

PCRA Court Opinion, 4/21/2025, at 15 (legal citation omitted).

Upon review, we agree. Here, unlike the defendant in **Brooks**, Appellant was not charged with a capital offense. Moreover, there is no dispute that Appellant met with trial counsel in person on multiple occasions prior to trial. The length and frequency of those consultations cannot support a finding of ineffective assistance of counsel. Additionally, we note that Appellant did not establish that brevity or absence of his discussions with counsel or counsel's alleged lack of preparation compromised counsel's ability to mount an effective defense. For all of these reasons, Appellant's second claim on appeal lacks merit.

Finally, Appellant asserts that "the errors set forth above together amount to cumulative error[.]" Appellant's Brief at 26. Appellant relies entirely upon his previous ineffective assistance of counsel arguments that trial counsel did not adequately advise, meet with Appellant sufficiently to prepare for trial, and/or timely discuss key evidence. **Id.**

"[T]o the extent [PCRA] claims are rejected for lack of arguable merit, there is no basis for an accumulation claim." **Commonwealth v. Koehler**, 36 A.3d 121, 161 (Pa. 2012). "[N]o number of failed [ineffective assistance of counsel] claims may collectively warrant relief if they fail to do so individually." **Commonwealth v. Saylor**, 308 A.3d 869, 879 (Pa. Super. 2024) (citation omitted). However, "[w]hen the failure of individual [PCRA] claims is grounded in lack of prejudice, ... then the cumulative prejudice from those individual claims may properly be assessed." **Koehler**, 36 A.3d at 161

"[W]here a claimant has failed to prove prejudice as the result of any individual errors, he cannot prevail on a cumulative effect claim unless he demonstrates how the particular cumulation requires a different analysis." ***Commonwealth v. Hutchinson***, 25 A.3d 277, 351-52 (Pa. 2011) (citation omitted).

Having already concluded that there is no arguable merit to either of Appellant's ineffective assistance of counsel claims as presented, we find no merit to Appellant's last appellate issue. ***See Koehler*** and ***Saylor***. We did not reject Appellant's ineffective assistance claims based upon a lack of prejudice and, as such, the cumulative prejudice from those individual claims need not be assessed. Moreover, Appellant does not demonstrate how cumulation requires a different analysis. ***See Hutchinson***. Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2025

- 15 -