J-S68006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEREK SUTTON, | |
| Appellant | No. 2047 EDA 2013 |

Appeal from the PCRA Order entered June 24, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0712661-2006

BEFORE: ALLEN, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED OCTOBER 31, 2014**

Derek Sutton ("Appellant") appeals from the order denying his petition

for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

sections 9541-46. We affirm.

The pertinent facts have been summarized as follows:

> On July 27, 2004, Monique Denard was with four friends
> at a Chinese take-out restaurant located at 5008
> Germantown Avenue in the City and County of
> Philadelphia. Denard saw [Appellant] arguing with
> Quenzell Cothran. [Appellant] said to Cothran, "You think
> I won't do nothing. You think I won't do nothing to you."
> A fight ensued between Cothran and [Appellant].
> Thereafter, [Appellant] pulled a handgun and shot Cothran
> in the abdomen. Cothran shouted "I'm hit, I'm hit." Aaron
> Blackman (decedent), who had been standing at the food
> counter, came to his aid. Blackman charged [Appellant]
> and put him into a bear hug. Appellant broke loose and
> shot Blackman twice [killing him].
>
> The decedent sustained gunshot wounds to his chest
> and head. The trajectory of both wounds was downward,

which indicated that the shooter was above the decedent. The gunshot wound to the left side of his chest indicated close range firing. [The medical examiner testified that the gunshot wound to the chest was fired at a distance within one foot, while the gunshot wound to the head was fired at a distance greater than three feet.]

A search of [Appellant's] apartment revealed a plastic baggie containing sixteen (16) Remington cartridges of 32 S&W caliber bullets. The two (2) bullet specimens recovered from the decedent's body were also 32 S&W caliber. On July 30, 2004, an arrest warrant was issued for [Appellant]. After an extensive search, [Appellant] was found and arrested, May 16, 2006 in Conway, South Carolina. [Appellant waived extradition].

*Commonwealth v. Sutton*, 972 A.2d 563 (Pa. Super. 2009), unpublished memorandum at 1-2 (citation omitted).

Following a bench trial, Appellant was convicted of first-degree murder and aggravated assault. The trial court sentenced Appellant to life imprisonment for the murder conviction and a consecutive ten to twenty years of imprisonment for the assault conviction. Appellant filed a timely appeal to this Court. On March 3, 2009, we affirmed his judgment of sentence. *Sutton*, *supra*. On September 9, 2009, our Supreme Court denied Appellant's petition for allowance of appeal.

On September 1, 2010, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on August 19, 2011, and a supplemental amended petition on September 12, 2012. In the latter filing, Appellant asserted that trial counsel was ineffective for not objecting to an allegedly involuntary jury trial waiver. The PCRA court conducted an evidentiary hearing on June 24, 2013,

at which both Appellant and trial counsel testified. At the end of the hearing, the PCRA court, upon concluding that Appellant failed to carry his burden of proof, dismissed Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> I. Did the Honorable PCRA Court err when it dismissed [Appellant's] Amended PCRA petition, and supplemental filings after an evidentiary hearing where [Appellant] did demonstrate that he was entitled to PCRA relief as a result of ineffective assistance of counsel, on the part of his previous attorney?

Appellant's Brief at 3.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.* Stated differently, "[t]he PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

In order to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in

42 Pa.C.S.A. section 9543(a)(2). One of the errors enumerated in section 9543(a)(2) of the PCRA is a claim of ineffectiveness of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Id.* "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Appellant asserts that he is entitled to a new trial because at the evidentiary hearing, he "demonstrated that previous counsel was ineffective with regard to advice as to a jury waiver and that the ineffectiveness was prejudicial to [him]." Appellant's Brief at 6. Our review of the record refutes Appellant's claim.

The pertinent rule of criminal procedure reads as follows:

**Rule 620.  Waiver of Jury Trial**

In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by the judge of the court in which the case is pending, and elect to have the judge try the case without  a jury.  The judge shall ascertain from  the defendant  whether  this  is  a knowing  and  intelligent  waiver,  and  such  colloquy  shall appear on the record.  The waiver shall be in writing, made a part  of  the  record,  and  signed  by  the  defendant,  the attorney  for  the  Commonwealth,  the  judge,  and  the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

Our  Supreme  Court  addressed  an  ineffective  assistance  of  counsel

claim involving the validity of a defendant's jury waiver in ***Commonwealth***

***v. Mallory***, 941 A.2d 686 (Pa. Super. 2008).  The high court explained:

The  essential  elements,  basic  to  the  concept  of  a  jury trial,  are  the  requirements  that  the  jury  be  chosen  from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to  participate  in  the  selection  of  the  jury  panel. Notwithstanding, the Rule's reference to a "colloquy on the record,"  the  use  of  a  written  jury  trial  waiver  form  has been  deemed  sufficient  in  the  absence  of  an  oral  jury  trial waiver colloquy.

\*\*\*

When  a  presumptively-valid  [sic]  waiver  is  collaterally attacked under the guise of ineffectiveness of counsel, it must  be  analyzed  like  any  other  ineffectiveness  claim. Such an inquiry is not resolved by the mere absence of an oral waiver colloquy; instead, the analysis must focus on the  totality  of  relevant  circumstances.  Those circumstances include the defendant's knowledge of and experience  with  jury  trials,  his  explicit  written  waiver  (if any),  and  the  content  of  relevant  off-the-record discussions counsel had with his client.

*Mallory*, 941 A.2d at 696-98 (footnote omitted).

In addition, the high court opined: "[t]o prove trial counsel ineffective," a defendant "must show that his understanding of the written waiver was constitutionally impaired by his lawyer's deficient performance, as well as proof that he would have elected a jury [trial] but for his lawyer's performance." *Id.* at 702. Further, our Supreme Court concluded that when a defendant raises an ineffectiveness claim in relation to his or her jury trial waiver, "actual prejudice must be shown." *Id.* Stated differently, a PCRA petitioner has the burden of establishing that "he did not understand what he was waiving, that trial counsel caused his failure to understand, and that, but for counsel's ineffectiveness, he would have insisted upon a jury." *Commonwealth v. Birdsong*, 24 A.3d 319, 340 (Pa. 2011). Finally, the *Mallory* court held:

> [T]o prove prejudice the defendant must demonstrate a reasonable probability that the result of the waiver proceeding would have been different absent counsel's ineffectiveness; he does not have to demonstrate that the outcome of the jury trial would have been more favorable than the bench trial.

*Id.* at 702-03.

Here, the PCRA court concluded that Appellant's own testimony at the PCRA evidentiary hearing "confirmed that he understood what he was waiving when he forfeited his right to a jury trial." PCRA Court Opinion, 12/3/13, at 5. To support this conclusion, the PCRA court cited the following exchange between PCRA counsel and Appellant:

- 6 -

[PCRA COUNSEL]: By signing D-1, what was your understanding as to what you were doing?

[APPELLANT]: I was waiving a jury trial.

[PCRA COUNSEL]: And by waiving a jury trial, what, if any understanding did you have with regard to the death penalty?

[APPELLANT]: They took it off the table.

[PCRA COUNSEL]: What was your understanding as to what would have occurred if you had chosen to be tried by a jury?

[APPELLANT]: That if I was found guilty that I would [sic] receive the death penalty.

[PCRA COUNSEL]: Did you understand the process by which a jury would have been selected, if you had elected to go in that direction?

[APPELLANT]: Yes, I did.

[PCRA COUNSEL]: And what was your understanding as to how the process would work in terms of a jury trial?

[APPELLANT]: That I would pick among the people, peers of the community.

THE COURT: You would assist your attorney in doing that?

[APPELLANT]: Yes.

THE COURT: And that any decision by the jury would have to be unanimous?

[APPELLANT]: Yes. Ma'am.

PCRA Court Opinion, 12/3/13, at 5-6 (*citing* N.T., 6/25/13, at 17-18).

The PCRA court further explained:

> [Appellant] acknowledged that he was the one who elected to avoid the death penalty by waiving a jury trial. "Well, I was shaken up by the fact that I would receive a death penalty if I was found guilty, so I figured to go with a waiver trial." ***Id.*** at 12.

- 7 -

\*\*\*

> Not only did [Appellant] fail to prove that he did not understand what he was waiving, but [he] also made no attempt to demonstrate that, but for counsel's ineffectiveness, he would have insisted upon a jury. **Id.** at 5-46. The totality of the circumstances indicated that [Appellant] sought to avoid the death penalty, that he knew what he was giving up in order to "get death off the table," and that he would have elected to follow that course of action regardless of his attorney's advice.

PCRA Court Opinion, 12/3/13, at 6. Our review of the record amply supports the PCRA court's conclusions.

Although Appellant first argues that his suffering from depression vitiated his jury waiver, he did not raise this contention in his Pa.R.A.P. 1925(b) statement. Thus, the claim is waived on appeal. Pa.R.A.P. 1925(b)(4)(vii). Moreover, in making his argument that the Pa.R.Crim.P. 620 oral colloquy was defective, Appellant improperly relies upon statements made by the trial court in isolation, rather than under the totality of the circumstances. **See** Appellant's Brief at 10-11; **Mallory**, **supra**.

We also reject as untenable Appellant's claim that he was confused by alleged inconsistencies between his oral waiver and written waiver, which Appellant does not challenge as deficient. **See id.** at 701 (*citing* **Commonwealth v. Smith**, 450 A.2d 973 (Pa. 1982) (explaining that, notwithstanding any defect in the oral colloquy, the written colloquy, the validity of which the defendant did not challenge, "reflected the defendant's full awareness of the essentials of a jury trial"). Lastly, we reject Appellant's claim that his oral waiver is defective because the trial court "never informed

him of the sentence that he was facing." Appellant's Brief at 12. The potential sentence to which a defendant is exposed is not an "essential ingredient" of a jury waiver. *See Birdsong*, 24 A.3d at 338. At any rate, Appellant was fully informed of his potential sentence in the written jury waiver form, and his own testimony at the PCRA hearing reveals his awareness of this information.

Finally, our review of the record supports the PCRA court's conclusion that Appellant has not established the requisite prejudice, *i.e.*, but for trial counsel's advice, he would have insisted on a trial by jury. Once again, Appellant's testimony as cited by the PCRA court, *supra*, refutes Appellant's claim of prejudice.

For all of the above reasons, the PCRA court properly concluded that Appellant did not meet his burden of proving his ineffective assistance of counsel claim. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2014

- 9 -