J-S38020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSIE DAVIS | : | |
| | : | |
| Appellant | : | No. 1725 EDA 2021 |

Appeal from the PCRA Order Entered July 28, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003341-2014

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                     **FILED DECEMBER 7, 2022**

Jessie Davis (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On February 16 2014, Appellant robbed two men at gunpoint: Tomas Albaladejo (Albaladejo) and Jose Reyes (Reyes).  Appellant shot both men in the head; miraculously, both survived.  After Appellant was apprehended, the Commonwealth charged him with numerous offenses.

Relevantly, Appellant waived his right to a jury trial.  On December 22, 2015, Appellant, with the assistance of his retained counsel, Max Kramer, Esquire (trial counsel or Mr. Kramer), reviewed and signed a jury waiver colloquy form (written colloquy).  Prior to commencement of the non-jury trial, the following exchange occurred with respect to the written colloquy:

THE COURT: Good morning, [Appellant]. I am Judge Charles Ehrlich. It is my understanding you agreed to have your case heard by me as a waiver trial instead of as jury trial. Is that correct[?]

[APPELLANT]: Yes.

THE COURT: And I have in front of me [a] written jury trial waiver colloquy form. I see that you have initialed the bottom of page one. You signed the last page. Did you do that after you went through this entire form with your attorney, Mr. Kramer?

[APPELLANT]: Yes.

THE COURT: And did you understand the rights you are giving up by not having a jury trial and instead having a waiver trial?

[APPELLANT]: Yes.

THE COURT: Just so you understand, [the] only real difference is that instead of 12 people deciding who are picked by you and Commonwealth to hear the case, and all 12 having to agree on whether or not Commonwealth has proven its case beyond a reasonable doubt to find you guilty of any or all of the charges, I will hear the case. With me it will be guilty or not guilty. With a jury it could be guilty, not guilty, or what is called a hung jury if they can't agree. Do you understand that?

[APPELLANT]: Yes.

THE COURT: Otherwise the same rules of criminal procedure, same rules of evidence apply, same standard, proof beyond a reasonable doubt, everything else that would occur at a jury trial applies when I'm hearing the case. Do you understand that?

[APPELLANT]: Yes.

THE COURT: Now, in this [written colloquy] form I see that the charges are listed along with the potential penalty and fines. Did you go over that with Mr. Kramer?

[APPELLANT]: Yes.

THE COURT: And did you understand that?

[APPELLANT]: Yes.

THE COURT: Have you had a chance to fully discuss your case with Mr. Kramer?

[APPELLANT]: Yes.

THE COURT: Did you tell him everything he should know about the case?

[APPELLANT]: Yes.

THE COURT: And did you discuss your decision to waive your right to have a jury trial?

[APPELLANT]: Yes.

THE COURT: Are you satisfied with his representation?

[APPELLANT]: Yes.

THE COURT: Couple [of] final questions. How old are you, sir?

[APPELLANT]: 22.

THE COURT: Last grade of school you completed?

[APPELLANT]: 11th.

THE COURT: [Can you r]ead, write, understand [the] English language?

[APPELLANT]: Yes.

THE COURT: [Are you u]nder the influence of any drugs, alcohol, or medication?

[APPELLANT]: No.

THE COURT: Have you ever been diagnosed [with a] mental illness?

[APPELLANT]: No.

THE COURT: Do you have any questions at this time of myself or [] Mr. Kramer concerning your decision to waive your right to [a] jury trial[?]

[APPELLANT]: No.

THE COURT: Mr. Kramer, anything else?

MR. KRAMER: No, Your Honor.

THE COURT: I'm satisfied this is a knowing, intelligent, and voluntary waiver. …

N.T., 12/22/15, at 3-7.

In its case-in-chief, the Commonwealth presented the testimony of Albaladejo and Reyes. Albaladejo identified Appellant as the individual who shot and robbed him. *Id.* at 26. During the investigation into the shooting, police prepared a photographic lineup that included a photo of Appellant. Albaladejo selected Appellant's photo from the array, a fact that the Commonwealth emphasized at trial. *Id.* at 39-40; *see also* N.T., 12/23/15, at 53. However, when police presented the array to Reyes, he was unable to identify Appellant. N.T., 12/23/15, at 54; *see also id.* at 96-97 (Reyes testifying he never saw the face of his assailant).

The trial court found Appellant guilty of two counts each of attempted murder, robbery, and aggravated assault; and one count each of conspiracy to commit murder, firearms not to be carried without a license, and carrying

firearms on public streets in Philadelphia.[1] On July 14, 2016, the trial court imposed an aggregate sentence of 25 – 70 years in prison. Appellant filed a motion for reconsideration of sentence. In response, the trial court vacated the original sentence and resentenced Appellant to an aggregate 20 – 60 years in prison. Appellant timely appealed, challenging the weight and sufficiency of the evidence supporting his convictions. This Court affirmed, rejecting Appellant's sufficiency and weight claims. ***Commonwealth v. Davis***, 192 A.3d 243 (Pa. Super. 2018) (unpublished memorandum). Appellant did not timely seek allowance of appeal.[2]

On December 5, 2018, Appellant timely filed a *pro se* PCRA petition, his first. The PCRA court appointed counsel, who moved to file a petition for allowance of appeal to the Pennsylvania Supreme Court, *nunc pro tunc*. The PCRA court granted the motion and Appellant thereafter petitioned the Supreme Court, which denied *allocatur*. ***Commonwealth v. Davis***, 216 A.3d 1036 (Pa. 2019).

_____

[1] ***See*** 18 Pa.C.S.A. §§ 2502 & 901, 3701(a)(i), 2702(a), 903(a), 6106(a), 6108.

[2] As the PCRA court explained, "[b]ased on technical issues with [Appellant's] appellate counsel's computer connection to the Superior Court's online notification system, appellate counsel never received notice of the Superior Court['s direct appeal] decision. Because of this, Appellant failed to file a timely petition for allowance [of appeal] to the Pennsylvania Supreme Court." PCRA Court Opinion, 4/1/22, at 4.

Relevant to this appeal, on March 25, 2020, Appellant's PCRA counsel filed an amended PCRA petition, raising the following claims:

- "Trial counsel failed to provide effective assistance of counsel by failing to protect [Appellant's] constitutional right to a jury trial and [by] failing to present expert testimony[,] as requested by [Appellant]." Amended PCRA Petition, 3/25/20, ¶ 8.

- "[Appellant] is also entitled to relief pursuant to [42 Pa.C.S.A. §] 9543(a)(2)(i) … based on violations of his constitutional rights under the United States and Pennsylvania Constitutions. [Appellant] did not knowingly, voluntarily, and intelligently waive his right to a jury trial." *Id.*, ¶ 9.

On June 17, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing, concluding his claims lacked merit. Appellant did not file a response. The PCRA court dismissed Appellant's petition on July 28, 2021. Appellant timely filed this appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents three questions for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to protect [A]ppellant's constitutional right to a trial by jury; failing to retain an expert witness, or petition the trial court for the appointment of an expert; and failing to provide testimony regarding the unreliability of eyewitness identification[?]

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [A]ppellant's constitutional rights under the United States and Pennsylvania Constitutions, including an involuntary and unknowing waiver of his right to a jury trial, as well as a conviction based on evidence that did not establish his guilt beyond a reasonable doubt[?]

3. Whether the PCRA court erred by failing to grant an evidentiary hearing[?]

Appellant's Brief at 9.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). Our scope of review "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

Appellant first claims the PCRA court erred in failing to find trial counsel rendered ineffective assistance. ***See*** Appellant's Brief at 15-19. Pennsylvania law presumes counsel is effective; a PCRA petitioner bears the burden of proving otherwise. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from[, *inter alia*,] the "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)).

To prevail on a claim of ineffectiveness, a PCRA petitioner must plead and prove three prongs:

- 7 -

(1) [T]he underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 527 A.2d 973, 975-76 (Pa. 1987)). … Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015) (citations modified); ***see also Commonwealth v. Lesko***, 15 A.3d 345, 380 (Pa. 2011) ("When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and internal quotation marks omitted)).

Appellant first claims trial counsel was ineffective for failing to ensure that Appellant knowingly, intelligently, and voluntarily waived his right to a jury trial. ***See*** Appellant's Brief at 15-16.

The trial record is silent and offers no documentation to establish that [A]ppellant was aware of his absolute right to a jury trial. Neither the written jury trial waiver form nor the oral colloquy performed by the [trial] court advised [Appellant] of his absolute right to a jury trial. Although [A]ppellant signed the waiver trial form, he did not fully understand at that time that he could insist on a jury trial, and that the [trial] court would appoint an attorney for him if he could not pay retained counsel's additional fee. Appellant could not make a knowing and intelligent waiver of his right to a jury trial without knowledge of this absolute constitutional right. … Trial counsel's failure to protect [A]ppellant's constitutional right satisfies the arguable merit requirement of the three-pronged [ineffectiveness] test….

*Id.* at 16. According to Appellant, he "specifically communicated to trial counsel his desire to have the case decided by a jury. Counsel's explanation to [A]ppellant of the decision to waive the jury trial … was based solely on financial considerations." *Id.* at 17.

Regarding jury trial waivers, the Pennsylvania Supreme Court has instructed as follows:

> The right to trial by jury is enshrined in both the U.S. and Pennsylvania Constitutions. *See* U.S. CONST. amend. VI; PA. CONST. art. I, § 6. The importance of the right is recognized by the procedural protections in Rule 620 of this Court's Criminal Procedural Rules, which provides that:
>
> > In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.
>
> Pa.R.Crim.P. 620. …
>
> The essential elements of a jury waiver, though important and necessary to an appreciation of the right, are nevertheless simple to state and easy to understand. "The essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597, 600 (Pa. 1973); *accord Commonwealth v. Smith*, 498 Pa. 661, 450 A.2d 973, 974 (Pa. 1982). Notwithstanding the Rule's reference to a "colloquy on the record," the use of a written jury trial waiver form has been deemed

sufficient in the absence of an oral jury trial waiver colloquy. ***Williams***, 312 A.2d at 599-600….

***Commonwealth v. Mallory***, 941 A.2d 686, 696-97 (Pa. 2008) (footnote and brackets omitted).

The PCRA court addressed and rejected Appellant's ineffectiveness claim in its opinion:

> Appellant contends that he did not understand his constitutional right to a jury trial, but the record proves otherwise. Th[e trial c]ourt went over the waiver trial colloquy form extensively with Appellant and described what it entailed exhaustively to ensure that he was fully informed and understood the rights that he was waiving. Before beginning Appellant's waiver trial, th[e trial c]ourt was informed by trial counsel that a written jury trial waiver colloquy form had been completed, but that counsel had not yet reviewed the form with Appellant. N.T., 12/22/15, at 3. Th[e trial c]ourt permitted counsel time to go through the form with Appellant. ***Id.*** Following th[is] discussion, th[e trial c]ourt confirmed with Appellant that he agreed to have the case heard by [the trial c]ourt instead of proceeding to a jury trial. ***Id.*** at 4.
>
> Following that, [the trial c]ourt reviewed the signed waiver colloquy form in front of Appellant and asked if he had signed the form after discussing it in its entirety with counsel. ***Id.*** Appellant confirmed that he did. Appellant also informed [the trial c]ourt that he did understand the rights he was giving up by not having a jury trial. Subsequently, [the trial c]ourt stated the following, detailing to Appellant exactly what waiving his right to a jury trial entailed:
>
>> Just so you understand, [the] only real difference is that instead of 12 people deciding who are picked by you and [the] Commonwealth to hear the case, and all 12 having to agree on whether or not [the] Commonwealth has proven its case beyond a reasonable doubt to find you guilty of any or all of the charges, I will hear the case. With me it will be guilty or not guilty. With a jury it could be guilty, not guilty, or what is called a hung jury if they can't agree. Do you understand that?

N.T., 12/22/15, at 4. In response, Appellant gave a one-word answer: "Yes." ***Id.***

The record thus reflects that Appellant was not only informed of his right to a jury trial, but that he signed and went over the jury trial waiver colloquy form with counsel. Furthermore, [the trial c]ourt went into detail with Appellant to ensure that he was making an informed decision. Appellant's waiver colloquy form was in writing and signed by all appropriate parties, reviewed by [the trial c]ourt, and made part of the record. [The trial c]ourt determined on the record that Appellant was knowingly, voluntarily, and intelligently waiving his right to a jury trial. **Appellant made no objections to the performance of his trial counsel until he filed the instant PCRA petition. In fact, Appellant, when asked, indicated to [the trial c]ourt that he was satisfied with his trial counsel's representation.** N.T., 12/22/15, at 6.

Appellant alone retained the right to waive his constitutional right to a jury trial, but so long as his waiver is made knowingly, intelligently, and voluntarily, it is valid and binding. **The record plainly reflects that Appellant was apprised of the necessary information to make an informed decision**; therefore, any notion that Appellant's decision to waive his right to a jury trial was the result of the ineffective assistance of counsel is without arguable merit. Appellant cannot sustain his burden of proving that his trial counsel was ineffective.

PCRA Court Opinion, 4/1/22, at 9-10 (emphasis added; some citations modified).

Our review discloses the PCRA court's reasoning is supported by the record, which belies Appellant's claim that the "record is silent and offers no documentation to establish that [A]ppellant was aware of his absolute right to a jury trial." Appellant's Brief at 16. We thus affirm based on the PCRA court's reasoning in concluding Appellant failed to establish his claim of trial counsel's ineffectiveness. ***See*** PCRA Court Opinion, 4/1/22, at 9-10; ***see also Treiber***,

121 A.3d at 445 ("counsel cannot be deemed ineffective for failing to raise a meritless claim.").

Appellant, in connection with his first issue, also argues trial counsel was ineffective for failing to present expert testimony at trial with respect to "eyewitness identification." Appellant's Brief at 16-17. Appellant claims "expert testimony would have allowed the [fact-finder] to recognize and understand the inherent opportunities for misidentification by a witness." *Id.* at 16.

Again, the PCRA court cogently addressed and rejected this claim in its opinion:

> As a preliminary matter, there is no indication in the record whatsoever of Appellant's intention to present an expert witness. Furthermore, within his PCRA petition, **Appellant failed to prove the existence of any eyewitness identification expert who was willing and available to testify at his waiver trial.** Appellant also did not include any certifications or reports as to how this testimony would have affected identification in Appellant's case. On these bases alone, Appellant is incapable of successfully raising a claim of ineffectiveness for his trial counsel's failure to call an expert witness as Appellant had allegedly requested him to do. [*See*, *e.g.*, *Commonwealth v. Williams*, 141 A.3d 440, 460 (Pa. 2016) ("To satisfy the arguable merit prong for a claim of ineffectiveness based upon trial counsel's failure to call an expert witness, the petitioner must prove that an expert witness was willing and available to testify on the subject of the testimony at trial, counsel knew or should have known about the witness and the defendant was prejudiced by the absence of the testimony." (citations and footnote omitted)); *Commonwealth v. Reid*, 99 A.3d 427, 438 (Pa. 2014) (same).]
>
> Furthermore, Appellant cannot prove that the absence of the expert testimony was so prejudicial as to have denied him a fair trial. As this [c]ourt previously discussed, Appellant knowingly, intelligently, and voluntarily waived his right to a jury

trial. Appellant's stated purpose for having the expert testify - a tool "for the jury to use in determining the accuracy of eyewitness identifications generally" - is null and void. [Appellant's Pa.R.A.P. 1925(b) Concise Statement, 9/14/21, at 1 (unnumbered).] When seeking to determine the credibility of the witnesses, the finder of fact is "free to believe all, none, or some of the evidence." ***Commonwealth v. Clemens***, 242 A.3d 659, 667 (Pa. Super. 2020). **Unlike the average juror, this [c]ourt possessed the requisite experience to evaluate the credibility of the witnesses who testified, including their ability to identify Appellant.**

In doing so, this Court evaluated all testimony and evidence presented and concluded that [] Albaladejo and [] Reyes were consistently able to identify Appellant as the individual who shot and robbed them on February 16, 2014. As **the testimony of an expert witness would therefore not have changed the outcome of the trial**, Appellant was not prejudiced by its absence. Appellant's claim that trial counsel was ineffective for failing to present an expert witness is thus without merit and no relief is due.

PCRA Court Opinion, 4/1/22, at 12-13 (emphasis added). Our review discloses the PCRA court's reasoning is supported by the record and the law. We thus affirm on this basis in concluding Appellant failed to establish this claim of trial counsel's ineffectiveness. ***See id.*** Appellant's first issue does not entitle him to relief.[3]

---

[3] Appellant also baldly claims trial counsel was ineffective for failing to file requested post-sentence motions. Appellant's Brief at 17-18. Appellant waived this claim for various reasons. ***See***, ***e.g.***, Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived."); Pa.R.A.P. 302(a) (claims cannot be raised for the first time on appeal); ***Coulter v. Ramsden***, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (stating that mere issue spotting without analysis or legal citation to support an assertion precludes appellate review of a matter).

Next, Appellant claims his "constitutional due process rights were []" violated at trial by the Commonwealth's failure to prove each element of the crimes charged beyond a reasonable doubt." Appellant's Brief at 19. As discussed above, Appellant challenged the sufficiency of the evidence on direct appeal, and this Court rejected the claim. ***Davis***, 192 A.3d 243 (unpublished memorandum at 2) (concluding, "the evidence was sufficient to demonstrate Appellant's guilt beyond a reasonable doubt."). Thus, this claim is previously litigated and not cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(3) (providing that a PCRA petitioner is not eligible for relief if he previously has litigated the allegation of error).

In his third and final issue, Appellant claims the PCRA court improperly dismissed his PCRA petition without holding an evidentiary hearing, where he "raised significant claims of trial counsel's ineffectiveness and violations of his constitutional rights." Appellant's Brief at 22. We disagree.

> The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citation omitted).

- 14 -

Here, we discern no abuse of the PCRA court's ample discretion in declining to hold an evidentiary hearing prior to dismissing Appellant's petition. As discussed above, there is no merit to any of Appellant's claims of error; holding a hearing on the claims would not have altered this fact.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/07/2022